NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| B. NAGEL FILMS, LLC | Case No. 24-9693 |
| *Plaintiff,* | **OPINION** |
| v. | October 1, 2025 |
| NETFLIX, INC. and LUMINANT MEDIA, INC., | |
| *Defendants.* | |

**SEMPER,** District Judge.

**THIS MATTER** comes before the Court on Defendants Netflix, Inc. and Luminant Media, Inc.'s Motion to Dismiss Plaintiff B. Nagel Films, LLC's Complaint.  (ECF 11, "Motion" or "Mot."; ECF 1, "Compl.")  Plaintiff opposed the Motion.  (ECF 18, "Opposition" or "Opp.")  Defendants replied.  (ECF 19, "Reply.")  The Court has decided this motion upon the submission of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On September 18, 2022, the United States Copyright Office issued a copyright registration for the documentary film *Boy Scout's Honor* to Plaintiff B. Nagel Films, LLC, the producer and creator of the film.  (Compl. ¶¶ 12-14; *see also* Compl. Ex. A.)  Released on December 12, 2022

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1).  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true.  *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

on streaming platforms including Apple, Amazon Prime Video, and Vudu, the film "explored the instances of childhood sexual abuse in the [Boy Scouts of America] over decades." (*Id.* ¶¶ 12, 15.)

On September 6, 2023, Defendants' documentary, *Scout's Honor: The Secret Files of the Boy Scouts of America*, was released exclusively on Netflix's streaming platform. (*Id.* ¶ 16.) Defendant's documentary is also about childhood sexual abuse in the Boy Scouts of America. (*Id.* ¶ 3.)

Plaintiff filed the Complaint on October 9, 2024. Plaintiff alleges that "Defendants' documentary directly infringes Plaintiff's copyright in Nagel's documentary as it copied several copyrightable portions and elements of Nagel's documentary without permission or authority[,]" including the "overarching theme and structure" and the "use of lighting, music, camera techniques, dialogue, and arrangement." (*Id.* ¶¶ 18-21.) Plaintiff also alleges that "Defendants had access to Nagel's documentary during the creation of Defendants' documentary as it was available to the public for almost 9 months prior to the release of Defendants' documentary." (*Id.* ¶ 17.) Count One pleads direct copyright infringement under 17 U.S.C. § 106 and 17 U.S.C. § 501 *et seq.* (*Id.* ¶¶ 28-33.) Count Two alleges contributory copyright infringement under 17 U.S.C. § 501. (*Id.* ¶¶ 34-40.) Count Three alleges vicarious copyright infringement under 17 U.S.C. § 501 *et seq.* (*Id.* ¶¶ 41-44.) Count Four seeks permanent injunctive relief barring Defendants from infringing Plaintiff's copyright under 17 U.S.C. § 502. (*Id.* ¶¶ 45-46.) Count Five demands that Defendants cover Plaintiff's cost of prosecuting the action under 17 U.S.C. § 505. (*Id.* ¶¶ 47-48.) In sum, Plaintiff seeks: a declaration that Defendants have willfully infringed Plaintiff's copyright; an accounting of all revenues derived from the allegedly infringing work; an award of actual damages and profits, and/or statutory damages under 17 U.S.C. § 504; an award of exemplary and

punitive damages; an award of Plaintiff's interest and pre-judgment interest; an award of attorney's fee and costs; and a permanent injunction as discussed. (*Id*. at 15-16.)

Defendants filed their Motion on December 30, 2024, contesting Plaintiff's infringement claims and asking the Court to dismiss the Complaint with prejudice. (*See generally* Mot.) Plaintiff filed its Opposition to the Motion on March 24, 2025. (*See generally* Opp.) Defendants filed their Reply in support of the Motion on April 24, 2025. (*See generally* Reply.)

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III.    <u>ANALYSIS</u>

"To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005) (quoting *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)).  To prove unauthorized copying, a plaintiff must show that the defendant (1) had access to the plaintiff's work, and (2) that the "the original and allegedly infringing works share substantial similarities." *Id*.  To succeed in such a claim, a plaintiff must be able to demonstrate to the Court that the substantial similarities are predicated on protectable elements of the original work.  *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 562 (3d Cir. 2002). Ideas and facts are not protectable elements of an original work.  *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, at 349-350 (1991).  Nor are *scènes à faire*, which are "incidents, characters or settings which are as a practical matter indispensable in the treatment of a given topic." *Whelan Assocs. Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1236 (3d Cir. 1986)

In their Motion, Defendants argue that "as a matter of law, any claimed similarities are based on uncopyrightable facts that are free for all creators to use; and in any event, the works are not substantially similar in protected expression, a sine qua non of proving copyright infringement." (Mot. at 1) (emphasis omitted).  Defendants highlight that "the Complaint merely

4

cites certain abstract similarities between the two works, such as the overarching use of interviews, historical documents, somber and/or unnerving background music, chiaroscuro lighting that obscures interviewees' faces, and stock footage of camping and scouting activities[,]" which they argue are "uncopyrightable abstract ideas and *scènes à faire* that flow naturally from documentaries generally and documentaries about the BSA abuse scandal specifically." (*Id.* at 28) (internal quotations omitted). Defendants make a similar arguments about the allegation that "both documentaries share a theme of child sex abuse in the BSA and the organizations efforts to conceal that abuse[,]" asserting that themes are ideas which receive no copyright protection as is the fact of the scandal that the films focus on. (*Id.* at 30) (internal quotations omitted). Defendants assert that there is no overlap in the "characters" and "settings" of the two films, and that these attributes of documentaries are not protectable because they are real people and real places. (*Id.* at 31-32.) As to dialogue, Defendants argue that Plaintiff cannot show anything beyond an incidental similarity in the use of certain words or phrases arising from the general shared subject matter of the two films, which falls far short of the "extended similarity of dialogue needed to support a claim of substantial similarity." (*Id.* at 32) (citing *Panton v. Strong*, No. 17-00050, 2018 WL 5099666, at *4 (C.D. Cal. Mar. 14, 2018) (quoting *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988)). Defendants follow similar logic as to their arguments related to differences in the mood, feel, pace, and arrangement of the two films. (*Id.* at 33-37.)

In its Opposition, Plaintiff argues that "substantial similarity is usually an extremely close question of fact, which is why even summary judgment has traditionally been disfavored in copyright litigation . . . and it is only when no reasonable jury could find that two works are substantially similar, then summary judgment for a copyright defendant has been considered appropriate." (Opp. at 29-30) (citing *Tanksley v. Daniels*, 902 F.3d 165, 171 (3d Cir. 2018)

(internal quotations omitted).)  Plaintiff then argues that it has pled sufficient facts to state a claim for infringement, pointing to more instances of alleged similarity between the two works.  (*Id.* at 31-36.)  Finally, plaintiff argues that it should be granted leave to amend it pleading should the Court be persuaded by Defendants' arguments.  (*Id.* at 36.)

On Reply, Defendants argue that, under the precedent cited by Plaintiff, copyright claims can be properly dismissed at the pleading stage.  (Reply at 1-2.)  They then largely reiterate their arguments relating to the ways in which both documentaries rely on non-protectable facts and *scènes à faire*.  (*Id.* at 2-13.)  Lastly, they argue that allowing Plaintiff leave to amend its Complaint would be futile as "no amount of amendment nor discovery could cure the fundamental defects in Nagel's copyright infringement claim."  (*Id.* at 13.)

The Court is persuaded by Defendants' arguments.  Even assuming that Plaintiff could prove the other necessary elements of copyright infringement, as a matter of law it cannot prove that Defendants' documentary was substantially similar as to warrant copyright protection.  The first immovable obstacle Plaintiff encounters here is that its film, like Defendants', is largely a work of fact, and facts, as discussed, are not afforded copyright protection.  Therefore, nothing relating to the facts of the events that the films describe, the people they interview, and the settings they deal with can be protected by copyright law.  *Feist*, 499 U.S. at 349-350 (1991).

Many of the expressive elements Plaintiff takes issue with are also not afforded copyright protection.  "[Documentaries] feature three key components: archival footage, commentary, and interviews. These ingredients are crucial to the creation of any historically accurate film." *Bouchat v. Balt. Ravens Ltd.*, 737 F.3d 932, 944 (4th Cir. 2013).  The use of partial shadows, unnerving music, and stock footage of camping and scouting activities to create an unsettling atmosphere are techniques that fall under the unprotected category of *scènes à faire*.  *Tanksley*, 902 F.3d at 171

(3d Cir. 2018).  Regarding the films' dialogue, Plaintiff does not identify more than the occasional use of some of the same terms—something that is bound to happen in two documentaries dealing with the same scandal.  Nothing in the Complaint or the following briefs apprises the Court of the type of sustained, extended similarity of language that trigger copyright protection.  *Walker v. Kemp*, 587 F. Supp. 3d 232, 247 (E.D. Pa. 2022) (dismissing complaint where dialogue of contested works were not substantially similar).

The Court will allow Plaintiff an opportunity to amend the Complaint within thirty days of the entry of this Opinion.  *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 170 F.App'x 805, 810-11 (3d Cir. 2006) ("[I]n this circuit, when a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile").

## IV.    <u>CONCLUSION</u>

Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff has thirty days to amend its complaint pursuant to *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 170 F.App'x 805, 810-11 (3d Cir. 2006).  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Michael A. Hammer, USMJ
        Parties